**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TREY HUMES,<br> *Plaintiff*,<br>v.<br>BEAR DEFENSE SERVICES, LLC,<br> *Defendant*. | Civil Action No. 15-133 (CKK) |

**MEMORANDUM OPINION**
(December 29, 2015)

  This case comes before the Court on Defendant's [6] Motion to Dismiss for Lack of Jurisdiction, in which Defendant moves to dismiss this case for lack of personal jurisdiction and for improper venue. After considering Defendant's Motion to Dismiss and the parties' briefs, the Court issued a Memorandum Opinion and Order on December 15, 2015, finding that this Court lacks personal jurisdiction over Defendant and that this Court is an improper venue for the above-captioned action. *See* ECF No. [9]. Before ruling on whether to dismiss the action, the Court provided Plaintiff five business days to file supplemental briefing, indicating whether he seeks a transfer to the Middle District of Florida, a forum which Defendant has conceded to be a proper venue and to have personal jurisdiction over Defendant. *See id.*

  On December 22, 2015 Plaintiff timely filed its [10] Supplemental Brief and Reconsideration, wherein Plaintiff requested that the Court reconsider its determination that it lacks personal jurisdiction over Defendant, or in the alternative, transfer this case to the Middle District of Florida. In the Court's [11] Order issued on December 29, 2015, the Court denied Plaintiff's request that the Court reconsider its determination that it lacks personal jurisdiction over Defendant.

  Having already concluded that venue is improper in the District of Columbia, *see* ECF No. [9], the Court must either dismiss the action or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice ... rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Where a case may be transferred to a proper venue in which litigating the action would not prejudice the defendant, the district court should so transfer. *See, e.g.*, *Delta Sigma Theta Sorority Inc. v. Bivins*, 20 F. Supp. 3d 207, 219 (D.D.C. 2014).

  Defendant concedes that this action "could have been brought" in the Middle District of Florida. *See* Def.'s Mot. at 2. Defendant, however, opposes transfer, arguing that the Court should dismiss the Complaint because Plaintiff filed his Complaint in an "obviously improper forum" and that the Court should make "clear that litigants will be held accountable if they elect to file suit in a clearly improper venue for strategic reasons or due to an inexcusable lack of diligence." Def.'s Mot. at 10. The Court does not find Defendant's arguments convincing. It is

1

not clear to the Court that Plaintiff filed suit in the District of Columbia for "strategic reasons" or that the "the filing of the lawsuit was frivolous," as Defendant alleges. *Id.* at 9, 10.

Furthermore, Defendant has raised no arguments suggesting that it would be prejudiced by a transfer to the Middle District of Florida. Rather, it appears that the Middle District of Florida would provide an appropriate forum to litigate this action in light of the facts that (1) Defendant is headquartered in Tampa, Florida; (2) Defendant has its principal place of business in Tampa, Florida; and (3) Defendant maintains its employment records, including those related to Plaintiff's employment, in Tampa, Florida. *See* Def.'s Mot. at 2. Accordingly, in the exercise of its discretion, the Court finds that it is in the "interest of justice" under 28 U.S.C. § 1406(a) to transfer this case to the Middle District of Florida. *See Delta Sigma Theta Sorority Inc.*, 20 F. Supp. 3d at 219.

For the reasons stated above and for the reasons stated in the Court's [9] Memorandum Opinion and Order issued in this case on December 15, 2015—which the Court fully incorporates and makes part of this Memorandum Opinion—the Court shall DENY Defendant's [6] Motion to Dismiss for Lack of Jurisdiction. The Case shall be transferred to the U.S. District Court for the Middle District of Florida.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge